UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BEVERLY DIANE(A) ANTWI,<br><br>                                    Plaintiff,<br><br>-against-<br><br>NYS HEALTH DEPT; NYS HEALTH; NYS HEALTH AND HUMAN RES. SERV.; NEW YORK STATE JUDICIARY; FEDERAL WASHINGTON D.C.; CONSTITUTIONAL SUPREME COURT JUSTICES; NYS STATE ATTORNEY GENERAL, JUDICIARY & LEGISLATIVE BRANCHES; ALL NYS STATE AGENCIES; FEDERAL ATTORNEYS OF WASHINGTON, D.C.,<br><br>                                    Defendants. | 18-CV-8526 (CM)<br><br>ORDER OF DISMISSAL |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff Beverly Diane(a) Antwi brings this action *pro se*. By order dated August 13, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth below, the Court dismisses the complaint.

## STANDARD OF REVIEW

The court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

**BACKGROUND**

Plaintiff Beverly Diane(a) Antwi drafted this complaint using the general complaint form provided by this Court. In addition to checking the boxes on the form to indicate that the basis for federal-court jurisdiction in her case is both federal question and diversity of citizenship, Plaintiff also writes "federal constitutional question" and "state constitutional question." (Compl., ECF No. 1 at 2.) In response to the question regarding which of her federal constitutional or federal statutory rights have been violated, Plaintiff writes,

> "[t]he right to the life and liberty of the innocent average American citizen. The right to heavily medicate and terminally retard violent felony offenders who are termed diabolical and a constant real proven danger to society on all levels from community all the way up to elite gov't officials, that they have stakled [sic] and eventually done extreme and severe violent damage to which either should have or did result in death."

(*Id.*)

Plaintiff filed this ten-page complaint without the filing fees or a request to proceed *in forma pauperis* (IFP). By order dated September 20, 2018, the Court directed Plaintiff to either pay the filing fees or submit an IFP application. (ECF No. 2.) Plaintiff was provided with a copy of the order on September 20, 2018, while she was present at the Court, and she complied with the Court's order that day by submitting an IFP application and four additional complaints – each containing facts, much like her original submission, that "rise to the level of the irrational or the wholly incredible." (ECF No. 3.) In one of the complaints, Plaintiff names as Defendants Aunt Jemima, Log Cabin, and all other syrup companies, and she alleges that:

> [i]t's too nasty, unconscioable [sic], and extremely grossly negligent of syrup companies to actually use the kinetic components of garbage cans (metalic) [sic], and the carbon dioxide main component of rubber bags to (rubber-rubber reed plants) and the construction of Manhattan buildings to further euthanize already sick and supposedly suffering U.S.A. American, and Ambassadorial state citizens.

(ECF No. 3 at 8.) On September 21, 2018, Plaintiff filed a letter to "request for the reinstatement of all federal of investigation agents as of 2009 or 2010." (ECF No. 4.)

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which she can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. The Court therefore dismisses this action as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## LITIGATION HISTORY

Plaintiff is no stranger to this Court. A review of the Public Access to Court Electronic Records (PACER) system reveals that Plaintiff has filed eight other actions in this Court. *See Antwi v. NYS SNAP*, ECF 1:19-CV-0507, 4 (S.D.N.Y. Jan. 25, 2019) (dismissing action as frivolous); *Antwi v. New York City and State Police Dep'ts*, ECF 1:19-CV-0052, 4 (S.D.N.Y. Feb. 26, 2019) (dismissing action for lack of subject matter jurisdiction); *Antwi v. Isis*, ECF 1:18-CV-11935, 3 (S.D.N.Y. Dec. 21, 2018) (dismissing action as frivolous); *Antwi v. New York State*, ECF 1:18-CV-9469, 3 (S.D.N.Y. Dec. 21, 2018) (dismissing action as frivolous); *Antwi v. Dep't of Corr. of New York City and State*, ECF 1:18-CV-4934, 6 (S.D.N.Y. Aug. 7, 2018 (dismissing action for failure to state a claim); *Antwi v. Stern*, ECF 1:17-CV-7888, 11 (S.D.N.Y. Apr. 2, 2018) (dismissing action for failure to state a claim); *Antwi v. Montefiore Med. Ctr.*, ECF 1:14-CV-0840, 26 (S.D.N.Y. Nov. 19, 2014) (granting Defendants' motion to dismiss); *Antwi v. FEGS Health and Human Servs.*, ECF 1:13-CV-0835, 69 (S.D.N.Y. May 31, 2018) (granting Defendant's motion to dismiss).

Accordingly, Plaintiff is warned that further vexatious, frivolous, or otherwise nonmeritorious litigation in this Court will result in an order barring Plaintiff from filing new actions *in forma pauperis* unless she receives prior permission. *See* 28 U.S.C. § 1651.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

Plaintiff is warned that further frivolous or otherwise nonmeritorious litigation in this Court will result in an order barring Plaintiff from filing any new action in this Court without prior permission. *See* 28 U.S.C. § 1651.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: August 20, 2019
New York, New York

COLLEEN McMAHON
Chief United States District Judge